IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLOTTE DOUGLAS**                                                                                                **PLAINTIFF**

**v.**                                                                                 **CIVIL ACTION NO.:** 3:20-cv-732-HTW-LRA

**LINCOLN LTC, LLC D/B/A
SILVER CROSS HEALTH AND REHAB**                                                    **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Charlotte Douglas, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII of the Civil Rights Act of 1964 for Sex Discrimination and the Age Discrimination in Employment Act (ADEA) for Age Discrimination, against the Defendant, Lincoln LTC, LLC d/b/a Silver Cross Health and Rehab. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1. Plaintiff, Charlotte Douglas, is an adult female citizen resident of Copiah County, Mississippi.

2. Defendant, Lincoln LTC, LLC d/b/a Silver Cross Health and Rehab is a Mississippi Limited Liability Corporation that may be served with process through its registered agent: Thomas L. Kirkland, Jr., 188 East Capitol Street, Suite 1400, Jackson, Mississippi 39201.

## JURISDICTION AND VENUE

3. This Court has federal question and civil rights jurisdiction for actions that arise under the Title VII and the ADEA.

4. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC on May 21, 2020, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on September 2, 2020, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Right to Sue.

## STATEMENT OF FACTS

6. Plaintiff is a 45-year old gay female resident of Copiah County, Mississippi.

7. Plaintiff was hired on October 2, 2008 as a Quality Assurance Nurse at Lincoln LTC, LLC dba Silver Cross Health & Rehab (SCHR).

8. Plaintiff has consistently received very positive performance evaluations and she has never received any write ups or disciplinary actions against her.

9. In 2014, Plaintiff was paid $32 per hour for her employment at SCHR.

10. By October 2018, Plaintiff's pay had increased to $39.14 per hour, and by December 2019 it had increased to $39.92 per hour.

11. In December 2019, Administrator Scott Kelly gave Plaintiff a very positive performance evaluation.

12. On February 6, 2020, Plaintiff was informed by Administrators Scott Kelly and Brian Farrar that her pay was being cut to $32 per hour due to "budget cuts."

13. To Plaintiff's knowledge, Plaintiff was the only employee of the facility who had her pay cut.

14. Also, at that time, Plaintiff was given a Performance Improvement Plan (PIP) which contained false allegations against Plaintiff.

15. Plaintiff refused to sign the PIP.

16. Realizing it was SCHR's intention to push Plaintiff out and after having endured harassment and bullying which resulted in mental anguish, Plaintiff secured a new job to go to and on February 24, 2020 and turned in her two-weeks' notice of resignation.

17. On February 28, 2020, however, Mr. Farrar told Plaintiff, "It has been decided that today we are going to go ahead and separate your employment, and since you turned in your two-weeks' notice, you will get severance pay and paid vacation."

18. Plaintiff's position has been replaced by Liana Cavin (30-year old straight female), who is undoubtedly paid significantly less than Plaintiff was.

19. On May 21, 2020, Plaintiff filed an EEOC Charge of Discrimination due to sex (i.e., sexual orientation) and age.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

20. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 19 above as if fully incorporated herein.

21. Defendant unlawfully discriminated against Plaintiff because of her age, 45. At age 45, Plaintiff was within the protected age category of the ADEA. Plaintiff was more that qualified for her position. Plaintiff suffered an adverse employment decision, i.e., termination. Defendant replaced Plaintiff with a substantially younger straight female.  As such, Plaintiff has established a *prima facie* case of age discrimination.

22. Plaintiff has been harmed as a result of this willful age discrimination, and the Defendant is liable to Plaintiff for the same.

23. The acts of Defendant constitute a willful intentional violation of the ADEA and entitle Plaintiff to recovery of back wages, reinstatement, or front pay in lieu of reinstatement, and liquidated damages.

24. As a direct and proximate result of the acts and omissions of the Defendant described above, Plaintiff has suffered lost wages and benefits.

## COUNT I: VIOLATIONS OF TITLE VII – SEX DISCRIMINATION

25. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 24 above as if fully incorporated herein.

26. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her sexual orientation.

27. Plaintiff has suffered adverse employment action as a result of the Defendant's discriminatory treatment of Plaintiff.

28. Plaintiff has been harmed as a result of this discrimination, and the Defendant is liable to Plaintiff for the same.

29. The acts of the Defendant constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back pay;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits;
4. Compensatory damages;
5. Punitive damages;
6. Liquidated damages;
7. Pre-judgment and post-judgment interest;
8. A tax gross-up and all make whole relief;
9. Attorney's fees;
10. Costs and expenses; and
11. Any other relief the Court deems appropriate.

THIS the 13th day of November 2020.

Respectfully submitted,

CHARLOTTE DOUGLAS, PLAINTIFF

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com